No. 82,168

In the Matter of MICHAEL L. BENNETT, *Respondent.*

(975 P.2d 262)

Opinion filed March 5, 1999.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*John J. Ambrosio*, of John J. Ambrosio, Chartered, of Topeka, argued the cause for respondent, and *Michael L. Bennett*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline against respondent Michael L. Bennett, of Kansas City, Kansas, an attorney admitted to the practice of law in Kansas.

Respondent stipulated to the facts and violations as alleged in the formal complaint. The pertinent part of the stipulation as found by the panel of the Kansas Board for Discipline of Attorneys is as follows:

"2. On the 18th day of December, 1996, the Shawnee County District Attorney's Office filed a three-count complaint against Respondent.

"3. The charges arose out of a police report and insurance claim made by the Respondent in May of 1996.

"4. Respondent was charged with the following offenses:

(a) A fraudulent insurance act in violation of K.S.A. 40-2,118(a), a level 8 non-person felony;

(b) Theft by deception in violation of K.S.A. 21-3701(b), a level 9, non-person felony; and

(c) Falsely reporting a crime in violation of K.S.A. 21-3818, a Class A non-person misdemeanor.

"5. In May, 1996, Respondent reported to the Topeka Police Department that his home had been burglarized and that several items belonging to himself and his tenant, Donalea Denton, a law student, had been stolen.

"6. Respondent subsequently submitted an itemized claim to his homeowner's insurance company, and on or about June 20, 1996, received $4,863.00 for his claim.

"7. In October, 1996, while Ms. Denton was preparing to move out of Respondent's residence she discovered that several of the items that the Respondent had reported stolen were present.

"8. Ms. Denton reported this information to the Topeka Police Department and to the Office of the Disciplinary Administrator.

. . . .

"11. On the 24th day of January, 1997 the Respondent entered into a diversion agreement with the Shawnee County District Attorney's Office. The term of the diversion program was twenty-four (24) months.

"12. In entering into the diversion agreement the Respondent stipulated to the facts as set forth in the affidavit and criminal complaint.

"13. In response to the Office of the Disciplinary Administrator, the Respondent stated that his home had actually been burglarized in May of 1996. The Respondent, however, falsely inflated the insurance claim by listing additional items that had actually not been stolen.

"14. At the time the alleged misconduct occurred, the Respondent's primary practice consisted of insurance defense litigation.

"15. Respondent stipulated that the above-described facts constitute violations of the following Model Rules of Professional Conduct 3.4(a) and (b), 4.1, and 8.4(a), (b), (c) and (g) and Kansas Supreme Court Rule 704."

Although respondent stipulated to a number of violations of the Model Rules of Professional Conduct (MRPC) (some of which are inapplicable to the facts before us), this court is primarily concerned with respondent's admitted violations of MRPC 8.4(b) (1998 Kan. Ct. R. Annot. 386) (commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); 8.4(c) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and 8.4(g) (engage in any other conduct that adversely reflects on the lawyer's fitness to practice law).

The Disciplinary Administrator recommended disbarment. The panel recommended suspension of respondent's license to practice law for 1 year. The panel also recommended that respondent's law practice be supervised and that he be placed on suspended probation for 2 years. Respondent has not experienced any problems concerning the practice of law or managing a law office.

We are of the opinion that respondent's conduct warrants indefinite suspension. Respondent voluntarily ceased the practice of law in January 1997. His date of indefinite suspension shall run from February 1, 1997.

IT IS THEREFORE ORDERED that respondent be indefinitely suspended from the practice of law in Kansas from February 1, 1997.

IT IS FURTHER ORDERED that respondent shall comply with the conditions set forth in Kansas Supreme Court Rule 219 (1998 Kan. Ct. R. Annot. 256) prior to being reinstated to practice law in Kansas.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.